UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE N. FLOWERS JR.,

                Petitioner,

        -against-

UNITED STATES,

                Respondent.

1:20-CV-9367 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, appearing *pro se* and presently incarcerated in the Federal Correctional Institution in Otisville, New York, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. For the reasons discussed below, the Court denies the petition without prejudice.

On September 18, 2019, Petitioner submitted a § 2241 *habeas corpus* petition to prison officials for its delivery to this court. That petition commenced *Flowers v. Fed. Bureau of Prisons (BOP)*, 1:19-CV-8831 (LGS) (*"Flowers I"*). In an Opinion and Order dated September 21, 2020, District Judge Lorna G. Schofield of this court denied the *Flowers I* petition on the merits. *Flowers I*, ECF 1:19-CV-8831, 21.

On August 16, 2020, while *Flowers I* was still pending before Judge Schofield, Petitioner submitted the present petition to his prison's mail system for its delivery to the United States District Court for the Western District of New York.[1] (ECF 1, at 8.) By order dated November 2, 2020, that court transferred the petition here. *Flowers v. United States*, 20-CV-6633 (W.D.N.Y. Nov. 2, 2020). The petition raises the same claims for *habeas corpus* relief that were raised and have now been adjudicated in *Flowers I*. Thus, no useful purpose would be served by litigating this duplicative petition. The Court therefore denies the petition without prejudice as duplicative

---

[1] Petitioner paid the filing fee when he filed his petition in the Western District of New York.

of the petition filed in *Flowers I*. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 17, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge